IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 3: 09-CV-410 |
| v. | ) ) ) | **COMPLAINT** |
| SOUTHERN METALS COMPANY, | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Junior Revels, who was adversely affected by such practices. The Equal Employment Opportunity Commission, (the "Commission"), alleges that Defendant, Southern Metals Company ("Defendant"), failed to hire Junior Revels, then age 76, based on his age.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Charlotte, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since around July 8, 2008, Defendant has engaged in unlawful employment practices at its Charlotte, North Carolina facility in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, on or about June 16, 2008, Junior Revels applied for the open position of diesel mechanic with Defendant. Revels initially met with Defendant's foreman at its Charlotte facility to discuss the position and the job duties. Revels was fully qualified for, and

able to perform the duties of the position. Around July 8, 2008, Revels returned to Defendant's Charlotte facility to discuss the status of his application with Defendant's foreman. Defendant's foreman informed Revels that Defendant had decided to hire someone "younger." Defendant did not hire Revels for the position of diesel mechanic because of his age. Rather, Defendant continued to seek applicants for the position. In or about September 2008, Defendant hired an individual for the diesel mechanic position who was substantially younger and less qualified than Revels.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Junior Revels of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from making hiring decisions based on age, and from any other employment practices which discriminate on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest

to Junior Revels, whose wages have been unlawfully withheld as a result of the acts complained of above.

       D.       Order Defendant to make whole Junior Revels, who was adversely affected by the unlawful employment practices described above, by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices, including but not limited to rightful place hiring and/or front pay, and reimbursement for any job search related expenses resulting from Defendant's unlawful conduct.

       E.       Grant such further relief as the Court deems necessary and proper in the public interest.

       F.       Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 22nd day of September, 2009.

                          Respectfully submitted,

                          JAMES L. LEE
                          Deputy General Counsel

                          GWENDOLYN YOUNG REAMS
                          Associate General Counsel
                          EQUAL EMPLOYMENT OPPORTUNITY
                          COMMISSION
                          131 M Street, NW
                          Washington, D.C. 20507

                          <u>s/ Lynette A. Barnes</u>
                          LYNETTE A. BARNES (NC 19732)
                          Regional Attorney

                          TINA BURNSIDE
                          Supervisory Trial Attorney

s/ Randall D. Huggins
RANDALL D. HUGGINS (OK 17875)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6889
Facsimile: 704.344.6780
E-mail: randall.huggins@eeoc.gov

ATTORNEYS FOR PLAINTIFF