IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 3:09-CV-410 ) |
| SOUTHERN METALS COMPANY, | ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C § 626(b) (the "ADEA"), which incorporates by reference §§ 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217. The Commission's complaint alleged that Defendant, Southern Metals Company ("Defendant"), failed to hire Junior Revels, then age 76, based on his age. Defendant has denied liability and this Consent Decree is not an admission of liability by Defendant. The Commission does not disavow the allegations in the Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of age within the meaning of the ADEA.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADEA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the sum of Ten Thousand dollars ($10,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Junior Revels. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Junior Revels at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Junior Revels.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from its employment records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of Mr. Revels' EEOC Charge Number 430-2008-04578, and the related events that occurred thereafter. Within fifteen (15)

days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADEA and its prohibition against age discrimination; procedures for reporting discrimination; and will provide for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, above, at its facility in Charlotte, North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within five (5) days of the adoption of the policy, Defendant will post the policy and notify the Commission that is has been posted.

7. During the term of this Decree, Defendant shall provide two (2) annual training programs to all of its managers, supervisors and employees at is facility in Charlotte, North Carolina. Each training program shall include an explanation of the requirements of the ADEA and Title VII of the Civil Rights Act of 1964, and their prohibition against discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's non-discrimination policies.

8. The first training program shall be completed within one hundred (100) days after entry of the decree by the Court and the second training program will be conducted during the final year of this Decree. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its Charlotte, North Carolina facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Decree, Defendant shall provide the Commission with four (4) reports, with the first being due six (6) months after approval by the Court of this Decree, and the second and third reports being due at six (6) month intervals thereafter. The fourth report will be due four (4) months after submission of the third report. Each report shall contain the information set forth below:

   a. The identities of all individuals who have complained of or reported age discrimination:

      i. For each individual, include by way of identification each person's name, address, telephone number, position, social security number, and date of birth, if known;

      ii.      A detailed statement of the individual's complaint, including the full name of all witnesses and persons involved in the incident(s) that led to the complaint/report; and

      iii.      A detailed statement of what action was taken in response to the individual's complaint/report.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees and examine and copy documents. The Commission is not required to provide notice of a review for compliance with the posting provisions in paragraphs 6 and 9. If the Commission intends to conduct a compliance review inspection other than for the review of compliance with the posting provision in paragraphs 6 and 9, the Commission shall provide Defendant 24 hour notice of its intent to conduct a compliance review at Defendant's Charlotte, North Carolina facility. The Commission's representative shall notify G. Bryan Adams, III of the upcoming inspection by facsimile at 704-375-6024.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give advance written notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: June 17, 2010

Frank D. Whitney
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NW
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

s/ Randall D. Huggins
RANDALL D. HUGGINS
Senior Trial Attorney (OK Bar No. 17875)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:   704.954.6470
Facsimile:   704.395.6412
Email:       randall.huggins@eeoc.gov

Attorneys for Plaintiff

**-and-**

s/ Philip M. Van Hoy
Philip M. Van Hoy
phil.vanhoy@vradlaw.com

s/ G. Bryan Adams, III
G. Bryan Adams, III
bryan.adams@vradlaw.com

VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 375-6022
Fax: (704) 375-6024

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 3:09-CV-410 |
| v. ) ) | |
| SOUTHERN METALS COMPANY, ) ) | **NOTICE** |
| Defendant. ) ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Southern Metals Company in a lawsuit alleging discrimination based on age. Specifically, the EEOC alleged that Southern Metals Company discriminated against Junior Revels in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), by refusing to hire him based on his age. Southern Metals has denied liability and this settlement is not an admission of liability by Southern Metals. The parties have decided to resolve this lawsuit to avoid the burden, expense, and delay of further litigation.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADEA specifically prohibits age discrimination.

3. Southern Metals Company will comply with such federal laws in all respects. Furthermore, Southern Metals Company will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, NW
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least two (2) years after entry of the Consent Decree with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL:_____, 2012.

9